MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

----------------------------------------------------------X
PEDRO ALVARADO, *individually and on behalf of others similarly situated,*

                     *Plaintiff*,

-against-

MARBLE AND GRANITE FABRICATORS CORPORATION (D/B/A MARBLE AND GRANITE FABRICATORS), JORGE AREVALO, and GIOVANNI DOE,

                     *Defendants.*
----------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiff Pedro Alvarado ("Plaintiff Alvarado" or "Mr. Alvarado"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Marble and Granite Fabricators Corporation (d/b/a Marble and Granite Fabricators), ("Defendant Corporation"), Jorge Arevalo and Giovanni Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

      1.    Plaintiff Alvarado is a former employee of Defendants Marble and Granite Fabricators Corporation (d/b/a Marble and Granite Fabricators), Jorge Arevalo, and Giovanni Doe.

      2.    Defendants own, operate, or control a wholesaler brick, stone, and related construction material merchant distributer, located at 396 Bloomfield Avenue, Bloomfield, NJ 07003 under the name "Marble and Granite Fabricators".

3. Upon information and belief, individual Defendants Jorge Arevalo and Giovanni Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the wholesaler brick, stone, and related construction material merchant distributer as a joint or unified enterprise.

4. Plaintiff Alvarado was employed as a driver, but also shined material, used chemicals to fabricate material, loaded material onto a pick up and went to 5 to 6 different homes per day to do installations for the wholesaler brick, stone, and related construction material merchant distributer located at 396 Bloomfield Avenue, Bloomfield, NJ 07003.

5. At all times relevant to this Complaint, Plaintiff Alvarado worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Alvarado appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Furthermore, Defendants repeatedly failed to pay Plaintiff Alvarado wages on a timely basis.

8. Defendants' conduct extended beyond Plaintiff Alvarado to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Alvarado and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10. Plaintiff Alvarado now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards

Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Alvarado seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Alvarado's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a wholesaler brick, stone, and related construction material merchant distributer located in this district. Further, Plaintiff Alvarado was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Pedro Alvarado ("Plaintiff Alvarado" or "Mr. Alvarado") is an adult individual residing in Hudson County, New Jersey.

15. Plaintiff Alvarado was employed by Defendants at Marble & Granite Fabricators from approximately November 2016 until on or about July 2017.

16. Plaintiff Alvarado consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants own, operate, or control a wholesaler brick, stone, and related construction material merchant distributer, located at 396 Bloomfield Avenue, Bloomfield, NJ 07003 under the name "Marble and Granite Fabricators".

18. Upon information and belief, Marble and Granite Fabricators Corporation (d/b/a Marble and Granite Fabricators) is a domestic corporation organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintains its principal place of business at 396 Bloomfield Avenue, Bloomfield, NJ 07003.

19. Defendant Jorge Arevalo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jorge Arevalo is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jorge Arevalo possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Alvarado, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20. Defendant Giovanni Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Giovanni Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Giovanni Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Alvarado, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

21. Defendants operate a wholesaler brick, stone, and related construction material merchant distributer located in Bloomfield, New Jersey.

22. Individual Defendants, Jorge Arevalo and Giovanni Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

23. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24. Each Defendant possessed substantial control over Plaintiff Alvarado's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Alvarado, and all similarly situated individuals, referred to herein.

25. Defendants jointly employed Plaintiff Alvarado (and all similarly situated employees) and are Plaintiff Alvarado's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*.

26. In the alternative, Defendants constitute a single employer of Plaintiff Alvarado and/or similarly situated individuals.

27. Upon information and belief, Individual Defendant Jorge Arevalo operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

    e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

    f) intermingling assets and debts of his own with Defendant Corporation,

    g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

28.    At all relevant times, Defendants were Plaintiff Alvarado's employers within the meaning of the FLSA. Defendants had the power to hire and fire Plaintiff Alvarado, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Alvarado's services.

In each year from 2016 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated). In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the wholesaler brick, stone, and related construction material merchant distributer on a daily basis are goods produced outside of the State of New Jersey.

*Individual Plaintiff*

29.     Plaintiff Alvarado is a former employee of Defendants who was employed as a driver, but also shined material, used chemicals to fabricate material, loaded material onto a pick up and went to 5 to 6 different homes per day to do installations.

30.     Plaintiff Alvarado seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Pedro Alvarado*

31.     Plaintiff Alvarado was employed by Defendants from approximately November 2016 until on or about July 2017.

32.     Defendants employed Plaintiff Alvarado as a driver, but he also shined material, used chemicals to fabricate material, loaded material onto a pick up and went to 5 to 6 different homes per day to do installations.

33.     Plaintiff Alvarado regularly handled goods in interstate commerce, such as granite, chemicals, glue, and other supplies produced outside the State of New Jersey.

34.     Plaintiff Alvarado's work duties required neither discretion nor independent judgment.

35.     Throughout his employment with Defendants, Plaintiff Alvarado regularly worked in excess of 40 hours per week.

36.     From approximately November 2016 until on or about July 2017, Plaintiff Alvarado worked from approximately 6:00 a.m. or 7:00 a.m. until on or about 8:00 p.m., 5 days per week but once a month Plaintiff worked 6 days a week (typically 70 to 75 hours per week).

37.     Throughout his employment, Defendants paid Plaintiff Alvarado his wages in cash.

38.     From approximately November 2016 until on or about July 2017, Defendants paid Plaintiff Alvarado a fixed salary of $600 per week.

39.     For approximately one week, Defendants did not pay Plaintiff Alvarado any wages for his work.

40. Plaintiff Alvarado's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

41. For example, Defendants required Plaintiff Alvarado to work an additional 4 hours past his scheduled departure time every day, and did not pay him for the additional time he worked.

42. Defendants never granted Plaintiff Alvarado any breaks or meal periods of any kind.

43. Plaintiff Alvarado was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

44. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Alvarado regarding overtime and wages under the FLSA.

*Defendants' General Employment Practices*

45. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Alvarado (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

46. Plaintiff Alvarado was a victim of Defendants' common policy and practices which violate his rights under the FLSA by not paying him the wages he was owed for the hours he worked.

47. Defendants' pay practices resulted in Plaintiff Alvarado not receiving payment for all his hours worked, and resulted in Plaintiff Alvarado's effective rate of pay falling below the required minimum wage rate.

48. Defendants habitually required Plaintiff Alvarado to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

49. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA by failing to maintain accurate and complete timesheets and payroll records.

50. Defendants paid Plaintiff Alvarado his wages in cash.

51. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA.

52. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Alvarado (and similarly situated individuals) worked, and to avoid paying Plaintiff Alvarado properly for his full hours worked.

53. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA.

54. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Alvarado and other similarly situated former workers.

## FLSA COLLECTIVE ACTION CLAIMS

55. Plaintiff Alvarado brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

56. At all relevant times, Plaintiff Alvarado and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

57. The claims of Plaintiff Alvarado stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

58. Plaintiff Alvarado repeats and realleges all paragraphs above as though fully set forth herein.

59. At all times relevant to this action, Defendants were Plaintiff Alvarado's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Alvarado (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

60. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

61. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

62. Defendants failed to pay Plaintiff Alvarado (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

63. Defendants' failure to pay Plaintiff Alvarado (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

64. Plaintiff Alvarado (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

65. Plaintiff Alvarado repeats and realleges all paragraphs above as though fully set forth herein.

66. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Alvarado (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

67. Defendants' failure to pay Plaintiff Alvarado (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

68. Plaintiff Alvarado (and the FLSA Class members) were damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Alvarado respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Alvarado and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Alvarado and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Alvarado's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Alvarado and the FLSA Class members;

(f)     Awarding Plaintiff Alvarado and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Alvarado and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Awarding Plaintiff Alvarado and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(i)      Awarding Plaintiff Alvarado and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(j)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Alvarado demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

August 17, 2018

> MICHAEL FAILLACE & ASSOCIATES, P.C.
>
> By:        /s/ Michael Faillace
> Michael Faillace [MF-8436]
> 60 East 42nd Street, Suite 4510
> New York, New York 10165
> Telephone: (212) 317-1200
> Facsimile: (212) 317-1620
> *Attorneys for Plaintiff*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 3, 2018

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Pedro Alvarado  
Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:           _[signature]_

Date / Fecha:               3 de agosto de 2018

*Certified as a minority-owned business in the State of New York*